UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FLOYD HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:14CV52 ACL |
| | ) |
| SOUTHEAST CORR. CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Floyd Hawkins (registration no. 1036513), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee [Doc. #5]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit a second amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against SECC alleging violations of his civil rights. The complaint seeks monetary and injunctive relief. In addition to his amended complaint, plaintiff has filed a separate motion for preliminary injunction.

2

Plaintiff alleges that he has been denied chronic pain management for an injury he received from a correctional officer named Hutton that resulted in a permanent injury. He claims that "doctors, nurses, administration of medical officers, et al." have been deliberately indifferent to his medical needs, presumably in violation of the 8th Amendment.[1] Specifically, plaintiff states that unnamed persons at SECC have "ignored a grievance agreement I had of gabapentin 800 mg solid form."

**Discussion**

The only defendant named in this lawsuit is SECC. A suit against SECC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, plaintiff cannot bring suit under § 1983 against SECC. However, because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file a second amended complaint. Plaintiff shall have thirty (30) days from the date of this Order to file a second amended complaint on a court-provided form. Plaintiff is warned that the filing of a second amended complaint replaces the original and amended complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file a second amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

---

1 Although plaintiff fails, in his amended complaint, to state exactly what medical condition he suffers from, a review of the attached grievance documents shows that he has complained of damage to his testicles as a result of an altercation with correctional officer Hutton. In his second amended complaint, plaintiff must take care to state, in specific factual detail, in his "Statement of the Claim," that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

The Court will remind plaintiff that he should succinctly state the capacity under which he is suing the defendants he names in his second amended complaint. (Whether he is suing each defendant in his or her individual and/or official capacity or both.) *See, e.g., Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Further, for each defendant named in the second amended complaint, plaintiff must set forth facts indicating that each named defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights. *See, e.g., Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Because plaintiff has failed to state a claim at this time (or a likelihood of a success on the merits), the Court will deny his motion for preliminary injunction, without prejudice. *See Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest.)

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit a second amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [Doc. #7] is **DENIED** without prejudice.

Dated this 9th day of May, 2014.

                        STEPHEN N. LIMBAUGH, JR.
                        UNITED STATES DISTRICT JUDGE