UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FLOYD HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14CV52 ACL |
| | ) |
| UNKNOWN HILL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's second amended complaint. Because plaintiff is incarcerated at Southeast Correctional Center ("SECC") and is proceeding in forma pauperis, his second amended complaint is subject to pre-service review pursuant to 28 U.S.C. § 1915. After reviewing the second amended complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

1

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

**The Second Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against several defendants in their individual and official capacities alleging violations of his civil rights. The complaint seeks monetary and injunctive relief. Named as defendants are nine individuals who were engaged as part of the medical staff at SECC: Unknown Hill (Nurse); Heather Unknown (Nurse); Brandy Juden (Grievance Nurse); Becky Lizenbee (Nurse, LPN); Michael Hakala (Doctor); Unknown "On Duty Nurse on 2-26-14"; J. Cofield (Regional Director); T. Bredeman (Regional Medical Director); Unknown Dobbs (Nurse Practitioner). Plaintiff does not state whether these individuals were employed by the State of Missouri (the Missouri Department of Corrections) or Corizon, Inc.

2

Although the gist of plaintiff's allegations are somewhat difficult to discern, it appears that plaintiff is alleging that he was at some point prescribed pain medication (gabapentin) by defendant Hakala for an injury to his testicles that occurred when he had an altercation with a correctional officer at SECC.[1] Although plaintiff does not state the exact time-frame the injury allegedly occurred, by the documents attached to his second amended complaint, it appears that he suffered pain from the injury in his testicles sometime in early 2013 and filed a grievance related to his pain on May 10, 2013.[2]

In his grievance, plaintiff requested that his gabapentin be increased from 600mg to 800mg, due to an alleged increase in pain. In response to his request, plaintiff was sent to see a specialist at Missouri-Delta on September 5, 2013, where it was noted that he had "normal testicles with intact blood flow." Plaintiff was then scheduled for an ultrasound of his testicles on September 17, 2013, which showed "normal" histological findings except for a varicocele ("large broken vessel") in his scrotum.[3] His request for an increase in his pain medication was apparently granted in early October 2013, after an evaluation by a physician at SECC.

In the body of his second amended complaint, plaintiff states that "medications and therapy treatment were cut off without justification. . .medical staff is denying a grievance agreement that they already had made on 10-21-13."[4] He claims that a copy of this document was sent attached

---

[1] There is an additional reference in a grievance response attached to plaintiff's pleading that he sought an increase in the gabapentin due to pain in his shoulder from an earlier injury, but plaintiff does not mention the shoulder injury in his second amended complaint.

[2] The Court takes judicial notice of the documents attached to plaintiff's second amended complaint, pursuant to Fed.R.Civ.P.10(c).

[3] This was plaintiff's third ultrasound of his testicles within the year.

[4] There is no "grievance agreement attached to plaintiff's second amended complaint dated 10-21-13. Rather, the Court believes plaintiff is referring to a document entitled "Offender Grievance Appeal Response" with an "October 21, 2013, Date Received" on it. In this document, plaintiff's grievance appeal is noted as "resolved" because his gabapentin medication had already

3

to this second amended complaint.  Plaintiff does not state when this alleged "cut off" in medications is said to have occurred or if the "cut off" was due to change in his prescriptions or because he was simply denied medical care that he had been allegedly prescribed.

Instead, plaintiff asserts, in a wholly conclusory manner, that "medical staff's interruption of treatment constituted deliberate indifference."  He then specifically alleges that defendants Nurse Hill and Becky Lizenbee cut off his pain medications on "4-23-14."  However, plaintiff has attached a copy of his medical record to his second amended complaint showing he received 800mg of gabapentin three (3) times daily on that date.

Plaintiff next claims that Nurse Heather "gave false information that led to" his medication being cut off on May 16, 2014.  However, plaintiff has neglected to say who actually failed to provide him with, what the Court presumes was prescribed medication, on that date.  Further, plaintiff does not state whether the medication was allegedly completely "cut off" or if it was simply decreased from one level to another level.

Plaintiff next states that defendant Juden, a grievance officer, failed to properly investigate his grievances relating to the interruption of his prescribed treatment on May 14, 2014.[5]

---

been increased to 800mg on October 16, 2013.  The document is signed by defendants J. Cofield and T.Bredeman and is dated December 12, 2013.  The "Appeal Response" cannot suffice to form a "contract" between plaintiff and defendants as it does not show a meeting of the minds between the two parties, but simply notes the chain of medical events that occurred in this matter.  In fact, the "Conclusion" of the "Appeal Response" specifically notes that plaintiff's earlier grievance request to increase his medication to 800mg overall was "not supported" based on the "independent, discretionary medical judgment of the site physicians" and the records showed that he had received "appropriate care and treatment" for his earlier "medical issues."

[5] Inmates do not have a constitutionally protected right to the prison grievance process. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991); *see also, Burnside v. Moser*,138 Fed.Appx. 414 (3rd Cir. 2005). And, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." *Hoover v. Watson*, 886 F.Supp. 410, 418 (D.Del.1995), *aff'd* 74 F.3d 1226 (3d Cir.1995).

However, plaintiff again fails to state who purportedly interrupted the prescribed treatment on that date.

Plaintiff states in a conclusory fashion that Dr. Hakala, "interfered with prescribed treatment" on February 26, 2014 and on May 13, 2013. As noted above, plaintiff was receiving treatment in May 2013, according to the records he has attached to his second amended complaint. From the medication records attached to plaintiff's second amended complaint, it appears that he was also receiving the 800mg of gabapentin, three (3) times daily, during February 2014 as well.

Plaintiff claims that defendant "On Duty Nurse on 2-26-14" refused his doctor's slip and thus denied him the right to see a doctor on that date. Plaintiff fails to state what his medical needs were on that date such that he needed to see a doctor, and he does not state what he was told when he asked to see the doctor or if the On-Duty-Nurse knew about his alleged medical condition.

Plaintiff alleges that Nurse Dobbs did not order medication to relieve his pain on an unspecified date and time for an unspecified condition. Thus, his allegations are entirely conclusory against Nurse Dobbs.

Last, plaintiff asserts that defendants Cofield and Bredeman "approved [his] pain medication in a grievance resolvement of 12-12-13 and now [the] allow my medication to be cut off." Plaintiff has not stated what medication these defendants are allegedly "allowing" to be "cut off" or when the medication was cut off, or more importantly, what their personal involvement was in the alleged cut off.[6]

---

[6] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that

**Discussion**

As noted above, plaintiff does not state in his second amended complaint whether defendants are employed by the Missouri Department of Corrections (and thereby employees of the State of Missouri) or Corizon, Inc., the company engaged by the State of Missouri to provide medical care to persons incarcerated in the State. Additionally, plaintiff brings his claims against defendants in both their individual and official capacities. Regardless of whether defendants are employed by the State of Missouri or Corizon, Inc., his claims against them in their official capacities are subject to dismissal.

To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of either the State of Missouri or Corizon, Inc. was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to plaintiff's official capacity claims.[7]

After carefully reviewing the second amended complaint, the Court finds that pursuant to the Supreme Court's ruling in *Iqbal*, plaintiff's legal conclusion, such as his dominant claim that defendants were deliberately indifferent to his serious medical needs, is not entitled to an assumption of truth. *See Iqbal*, 129 S.Ct. at 1950-51. The Court further finds that plaintiff has

---

injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).
[7] Moreover, the Court notes that a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

failed to plead facts that show more than the "mere possibility of misconduct," with regard to an alleged deliberate indifference to his medical needs; the pleading does not "plausibly suggest an entitlement to relief." *See id.* In other words, even after considering alternative explanations for defendants' alleged misconduct with regard to the allegations in plaintiff's complaint, the Court, in the exercise of its judgment, finds that plaintiff's conclusions that he was medically mistreated is not the most plausible explanation, and it is more likely that plaintiff merely disagreed with the type of medical care that he received.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

In the second amended complaint plaintiff states, in a conclusory fashion that he disagreed with the amount of time it took his doctors and nurses to increase his medication from 600mg to 800mg of gabapentin. He further states, again in a conclusory fashion, that he did not think he received the proper treatment for the injury to his testicles. However, the records attached to plaintiff's complaint show that plaintiff was being treated in the chronic pain clinic and that he had regular monitoring of his pain medication, as well as regular visits with doctors and nurses, both inside and outside of the Department of Corrections. The record also shows that plaintiff was sent to see an outside specialist for pain in his testicles, and he received three ultrasounds on his testicles in the span of a one-year period.

7

The mere fact that an inmate disagrees with the course of treatment does not, in and of itself, suffice to establish a violation of the Eighth Amendment. *Peterson v. CMS*, 2012 WL 4108908 (E.D.Mo. September 18, 2012). Likewise, the denial of a particular course of treatment does not constitute deliberate indifference. *See Dulany,*132 F.3d at 1239 ("the Court is reminded that 'society does not expect that prisoners will have unqualified access to health care,' and that '[a]s long as th[e] threshold [of deliberate indifference] is not crossed ... prison doctors remain free to exercise their independent medical judgment' "); *see also Vaughn v. Gray*, 557 F.3d 904, 909 (8th Cir.2009) (an inmate's Eighth Amendment rights are not violated by defendants' refusal "to implement a prisoner's requested course of treatment") (internal citation omitted). And, likewise, prison physicians are free to exercise their independent medical judgment. *See Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118–19 (8th Cir.2007).

Because plaintiff has failed to state a plausible claim for deliberate indifference to his serious medical needs, his consequential claim for an alleged "breach of the grievance agreement" is also legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).[8]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to pay his initial partial filing fee [Doc. #10] is **GRANTED**. Plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Memorandum and Order.

---

8 As noted above, "[i]n the context of a state prison system, an inmate grievance procedure is not constitutionally required." *Spencer v. Moore,* 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." *Id.*

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the second amended complaint because it is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of June, 2014.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE